## Case No. 13,723.

TABOR et al. v. DEXLER et al.

The "NEW DISCOVERY" LODE v. The "LITTLE CHIEF" LODE.

[9 Morr. Min. Rep. 614; Carp. Min. Code, 71.]

Circuit Court, D. Colorado. 1878.

MINES AND MINING—LODE CLAIMS—ORE "IN PLACE."

[Where the mass overlying the ore is mere drift, or a loose deposit, the ore is not "in place," within the meaning of Rev. St. § 2320, so as to give the owners of a claim the right to follow the dip within the lines of an adjoining claim.]

HALLETT, District Judge. This is a bill for an injunction by parties owning the New Discovery lode, in California mining district, against the owners of an adjoining claim called the "Little Chief." It is not alleged that the defendants have entered upon or into the New Discovery ground, or that they have in any way interfered with plaintiffs' possession within the limits of the New Discovery location. The charge is that plaintiffs' lode descends into the Little Chief's ground on its dip, and that defendants are there mining and exhausting the ore. In other words, plaintiffs contend that the top of the lode is in their ground, and that they have the right to follow upon its downward course and through adjoining territory. To maintain this position, it is necessary to show that the lode is in place, within the meaning of section 2320, Rev. St. U. S. And this depends upon the position of the ore or vein matter in the earth, as whether the inclosing mass is fixed and immovable, more than upon the character of the ore itself. Whether the ore is loose and friable, or very hard, if the inclosing walls are country rock, it may be located as a vein or lode. But if the ore is on top of the ground, or has no other covering than the superficial deposit, which is called alluvium, diluvium, drift, or debris, it is not a lode or vein within the meaning of the act, which may be followed beyond the lines of the location. In this bill it is alleged that the overlying material is boulders and gravel, which can not be in place as required by the act. Not much is known to the court of the deposits on Fryer Hill, but it would seem from the allegations in this bill that they differ materially from the Iron mine, which has a hanging wall as well as a foot wall. For the decision of this motion it is enough to say, that where the mass overlying the ore is a mere drift, or a loose deposit, the ore is not "in place," within the meaning of the act. Upon principles recently explained, a location on such a deposit of ore may be sufficient to hold all that lies within the lines; but it can not give a right to ore in other territory, although the ore body may extend beyond the lines. The motion will be denied.